IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00615-GPG

LEONARD A. MARES,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
RICK RAEMISCH, Executive Director,
MRS. RUIZ, Case Manager for BCCF, and
MS. GONZALES, Case Manager for BCCF,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff Leonard A. Mares initiated this action by filing a Prisoner Complaint and Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to § 1915.

    The Court must construe Plaintiff's Complaint liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Plaintiff will be directed to file an amended prisoner complaint.

    The Complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th

Cir. 1989). In other words, claims must be presented clearly and concisely in a manageable format that allows a court and a defendant to know what claims are being asserted and to be able to respond to those claims. *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.* However, the general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Moreover, vague and conclusory allegations do not entitle a *pro se* pleader to a day in court regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's

well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court, however, will give Plaintiff an opportunity to cure the deficiencies in the Complaint by submitting an amended complaint that meets the requirements of Fed. R. Civ. P. 8.

To state a claim in federal court, Plaintiff "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Plaintiff also is required to allege facts to show that each named Defendant was personally involved in the alleged deprivation of his constitutional rights. Personal participation is an essential element in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Gallagher v. Shelton,* 587 F.3d 1063, 1069 (10th Cir.2009) (citations and quotations omitted); *Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010). A supervisor can only be held liable for his own deliberate intentional acts. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Serna v. Colo. Dep't of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights."); *see also Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) ("[Section] 1983 does not recognize a concept of strict

supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation."). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id*. at 1199.

Plaintiff also cannot maintain a § 1983 claim against the Colorado Department of Corrections (CDOC) because the claim is barred by the doctrine of Eleventh Amendment immunity. *Will v. Michigan Dep' t of State Police*, 491 U.S. 58, 66 (1989). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies*." Ramirez v. Oklahoma Dep' t of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The CDOC is an agency of the State of Colorado. The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1195-96 (10th Cir. 1998). Accordingly, the Colorado Department of Corrections is not a proper party to this action and should not be named as Defendant in the amended prisoner complaint.

The Eleventh Amendment, however, does not bar a federal court action so long as the plaintiff seeks in substance only prospective relief and not retrospective relief for

alleged violations of federal law, but Plaintiff must assert a claim for prospective relief against individual state officers. *Verizon Maryland v. Public Service Commission of Maryland*, 535 U.S. 635, 645 (2002) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997)); Hill *v. Kemp*, 478 F.3d 1236 (10th Cir. 2007).

Plaintiff also fails to state an arguable due process claim under the Fourteenth Amendment. To state a valid due process claim, Plaintiff must allege facts to show that he was deprived of a constitutionally-protected liberty interest. *See Chambers v. Colorado Dep't of Corr.*, 205 F.3d 1237, 1242 (10th Cir. 2000); *Gwinn v. Awmiller*, 354 F.3d 1211, 1217-24 (10th Cir. 2004). The interests protected by the Due Process Clause are those found within the United States Constitution, or those created by federal or state law. *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). There is no legitimate claim unless the claim arises from one of those sources. *Kentucky Department of Corrections v. Thompson*, 490 U.S. 454, 460 (1989).

Under Colorado statute, "earned time . . . may be deducted from the inmate's sentence upon a demonstration . . . that he has made substantial and consistent progress in [a number of categories]." § 17.22.5-302(1); *see also* § 17-22.5-405(1) (stating that "earned time . . . may be deducted from the inmate's sentence. . ."). For inmates sentenced for crimes committed on or after July 1, 1985, the CDOC has discretion to "withhold" or "withdraw" any "earned time deduction[s]." § 17.22.5-302(4), C.R.S. Thus, under state statute, the award of earned-time credits to Plaintiff is within the discretion of prison officials and, therefore, he does not have a constitutionally protected liberty interest in earned-time credits. *See Fogle v. Pierson*, 435 F.3d 1252, 1262 (10th Cir. 2006).

Plaintiff will be given an opportunity to cure the deficiencies enumerated above

by submitting an amended complaint that asserts claims clearly and concisely in compliance with Fed. R. Civ. P. 8 and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations. The Court will not consider any claims raised in separate attachments, amendments, supplements, motions, or other documents not included in the amended complaint. Accordingly, it is

**ORDERED** that Plaintiff file **within thirty (30) days from the date of this order,** an amended complaint that complies with the directives in this order. It is

**FURTHER ORDERED** that Plaintiff shall obtain (with the assistance of his case manager or the facility's legal assistant), the court-approved Prisoner Complaint form along with the applicable instructions, at www.cod.uscourts.gov. It is

**FURTHER ORDERED** that, if Plaintiff fails to file an amended complaint within the time allowed, the Court will dismiss all or part of this action without further notice.

DATED March 17, 2016, at Denver, Colorado.

BY THE COURT:

/s  Gordon P. Gallagher

United States Magistrate Judge